UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-

ADAM TORO,

               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/25/2020_

19 Cr. 299 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On December 5, 2019, the Court sentenced Defendant, Adam Toro, to a term of imprisonment of 36 months on counts of conspiracy to commit bank fraud and bank fraud. *See* Judgment at 2, ECF No. 20. Now serving his sentence at the Metropolitan Detention Center ("MDC") while awaiting transfer to his designated facility, FCI Allenwood, Defendant moves for compassionate release under 18 U.S.C. § 3582(c) in light of COVID-19, because he has asthma and hypertension. *See* Def. Letter at 1, ECF No. 24. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND

      After serving approximately 14 months of his 36-month sentence, *see* Gov't Opp. at 1, ECF No. 27; Judgment at 2, Defendant requests that he be released from Bureau of Prisons ("BOP") custody, and be resentenced to time served, or, in the alternative, be permitted to finish the remainder of his sentence—approximately two years—in home confinement. Def. Letter at 2. The Government argues that Defendant's motion should be denied because Defendant failed to exhaust administrative remedies prior to seeking relief from the Court, and, in addition, does not provide extraordinary and compelling reasons justifying release. Gov't Opp. at 2–7. Because the Court determines that denial is warranted under the sentencing factors in 18 U.S.C.

§ 3553(a), the Court need not reach the question of whether administrative exhaustion can be waived.[1]

## DISCUSSION

I. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

The Court must also consider the sentencing "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

---

[1] In so ruling, the Court does not abandon its position expressed in prior orders with respect to the exhaustion of administrative remedies under certain circumstances. *See United States v. Valencia*, 15 Cr. 163, 2020 WL 2319323, at *5–7 (S.D.N.Y. May 11, 2020) (waiving administrative exhaustion and granting compassionate release); *United States v. Zukerman*, 16 Cr. 194, 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020), ECF No. 116 (same); *United States v. Perez*, No. 17 Cr. 513, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (same).

>further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) [the Sentencing Commission's guidelines range] . . . ; (5) any pertinent policy statement . . . [;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

II.   Analysis

The Court concludes that, in taking § 3553(a) into account, neither of the two requested forms of relief—resentencing Defendant to time-served or releasing Defendant to serve the remainder of his sentence in home confinement—is warranted.  First, Defendant has served less than half of his sentence, *see* Gov't Opp. at 1, with approximately 22 months remaining. Considering the nature and circumstances of the offense and the history and characteristics of Defendant, including Defendant's active and extensive role in the bank fraud scheme, the fact that Defendant committed the offense while on pretrial release for similar conduct, and jumped bail, *see* Gov't Letter at 1–2, and given the seriousness of the offense, with the bank fraud conspiracy resulting in a guidelines loss of between $150,000 and $250,000, *see id.* at 2, the Court finds that the goals of sentencing set forth in § 3553(a) would not be met by Defendant's requested modification of sentence.

Second, though the Court does not seek to diminish the concern over the health and safety of those detained in federal custody during the COVID-19 pandemic, Defendant's health conditions do not override the sentencing considerations in this case.  At 30 years old, Defendant is not in the age group of individuals at higher risk of serious illness from COVID-19.  *See* Gov't Opp. at 1; *see also* Centers for Disease Control and Prevention, *People Who Are at Higher Risk for Severe Illness* (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-at-higher-risk.html.  Although Defendant suffers from hypertension and asthma, his asthma is described in his medical charts as being in "remission."  Def. Letter at 1; Gov't Opp. at 1, 5.  Notwithstanding Defendant's medical conditions, the Court must consider the § 3553(a) factors, and in so doing, the Court finds that the sentencing considerations under § 3553(a) outweigh Defendant's health concerns.

The Court concludes, therefore, that Defendant has not met his burden under 18 U.S.C. § 3582(c).

## CONCLUSION

Accordingly, for the reasons stated above, Defendant's application is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 24.

SO ORDERED.

Dated: June 25, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge