| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| UNITED STATES OF AMERICA, | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: _5/28/2021_ |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

ADAM TORO,

                            Defendant.

19 Cr. 299 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

On June 25, 2020, the Court entered an order (the "Order") denying Defendant, Adam Toro's, motion for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). ECF No. 28. On April 5, 2021, Toro filed a second motion for compassionate release. Def. Mem., ECF No. 31. For the reasons stated below, Toro's motion is DENIED.

## DISCUSSION

I. <u>Legal Standard</u>

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Toro must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The Court concludes, and the parties do not dispute, that Toro has exhausted his administrative remedies. Def. Mem. at 2; Gov't Opp'n at 4–5, ECF No. 32. Therefore, the Court only addresses whether Toro has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236

(2d Cir. 2020) (internal quotation marks omitted).  Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13.  *Id.* at 237.

Courts have granted modified sentences in light of COVID-19 for inmates with illnesses or injuries that make them particularly vulnerable to COVID-19.  *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at \*4 (S.D.N.Y. Nov. 23, 2020) (collecting cases).  By contrast, in cases where an inmate does not suffer such illnesses or injuries, courts in this district have denied requests for compassionate release.  *See, e.g.*, *United States v. Brooks*, No. 11 Cr. 206, 2020 WL 6946589, at \*2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at \*2 (S.D.N.Y. Apr. 15, 2020).

II. Analysis

In the Order, the Court held that Toro did not meet his burden under 18 U.S.C. § 3582(c).  Order at 3.  In so finding, the Court considered the amount of time remaining in his sentence, the seriousness of his offense, and his health conditions, and found that these considerations did not outweigh the § 3553(a) factors.  *Id.* at 3–4.

Nonetheless, Toro now contends that the harsh conditions of confinement, his health conditions, and the limited time remaining in his sentence warrant a reduction of his sentence.  Def. Mem. at 1.  Although the Court is aware of the difficult conditions of Toro's confinement, these universal conditions do not give rise to extraordinary and compelling circumstances.  *United States v. Scronic*, No. 18 Cr. 43, 2020 WL 7048245, at \*2–3 (S.D.N.Y. Nov. 30, 2020).  Moreover, Toro's medical conditions remain largely unchanged since the Order, and the Court already found that his health conditions did not override the sentencing considerations set forth

in § 3553. Order at 3–4. Lastly, the Court is not persuaded that the limited time remaining in Toro's sentence warrants the requested relief. As the Court observed in the Order, Toro played an active role in a bank fraud scheme, committed the offense while on pretrial release for similar conduct, and jumped bail. *Id*. at 3. Thus, the sentencing goals set forth in § 3553(a) would not be satisfied by modifying Toro's sentence.

The Court concludes, therefore, that Toro has not satisfied his burden under 18 U.S.C. § 3582(c).

## CONCLUSION

Accordingly, Toro's second motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 31.

SO ORDERED.

Dated: May 28, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge